```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

Lamone Fowler,

        Plaintiff,

vs.                                         Case No.   3:06-cv-635-J-33MCR

Hertz Vehicles, LLC; and Richard A.
Kucinskas,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion to Remand or in the Alternative Motion for Entry of Default and for Attorney Fees (Doc. # 6), filed on August 10, 2006. Defendant Hertz Vehicles, LLC filed a Response (Doc. # 7) on August 18, 2006. For the reasons stated herein, Plaintiff's Motion is due to be GRANTED IN PART, and the case is due to be remanded to the Fourth Judicial Circuit, in and for Duval County, Florida. Plaintiff's request for attorney's fees incurred as a result of the removal is due to be DENIED.

On or about June 23, 2006, Plaintiff instituted this action in the Fourth Judicial Circuit, in and for Duval County, Florida. Defendant Hertz Vehicles was served on June 13, 2006, and Defendant Richard A. Kucinskas was served on June 21, 2006. On July 12, 2006, after both Defendants had been served, Hertz filed a Notice of Removal (Doc. # 1), removing the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. In the

Notice of Removal, Hertz noted that Defendant Kucinskas had not consented because he could not be reached as of the date the Notice was filed.  (See Id. at 2.)

After the case was removed, Plaintiff filed the instant Motion to Remand, arguing that the case should be remanded to the Fourth Judicial Circuit because of a defect in the removal process.[1]  Specifically, Plaintiff argued that the defect in the process was Kucinskas's failure to consent to the removal.

Pursuant to 28 U.S.C. § 1447, remand is appropriate when there is a defect in the removal process.  Failure to obtain the consent of all co-defendants is one defect that makes remand appropriate.  As the Eleventh Circuit has noted, "the law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court."  See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040 (11th Cir. 2001); In re Ocean Marine Mut. Prot. and Indem. Ass'n., Ltd., 3 F.3d 353, 355-56 (11th Cir. 1993); see also Williams v. Equifax Info. Servs., LLC, 359 F. Supp. 2d 1284 (M.D. Fla. 2004)("It is well-settled that in cases involving multiple defendants, if all defendants do not consent to the removal of a case to federal court, the removal is improper

---

[1] This is not Plaintiff's sole argument in support of remand.  To the extent that other arguments were made, they are not addressed herein because they are either rendered moot by subsequent Orders of this court, or the Court has found it unnecessary to address them in light of its finding that the rule of unanimity requires remand.

under 29 U.S.C. § 1447(c)."); Jones v. Florida Dep't of Children and Family Servs., 202 F. Supp. 2d 1352 (S.D. Fla. 2002)("although there is no express statutory requirement for joinder or consent by co-defendants, the Eleventh Circuit, along with numerous district courts agree that all named defendants must join the removal petition for removal to be proper within the meaning of § 1447(c)")(citing In Re Ocean Marine Mut. Prot. and Indem. Ass'n, Ltd., 3 F.3d at 355-56). This rule is known as the rule of unanimity. See Jones, 202 F. Supp. 2d at 1354.

Although there are some limited exceptions to this rule, none of them are applicable here because (1) Defendant Kucinskas had been served with process at the time the Notice of Removal was filed; (2) Defendant Kucinskas is more than a mere nominal or formal defendant; and (3) removal was pursuant to 28 U.S.C. § 1332, diversity of citizenship, and did not involve 28 U.S.C. § 1441(c). See Bradwell v. Silk Green House, Inc., 828 F. Supp. 940, 943 n.2 (M.D. Fla. 1993)(stating that the three exceptions to the rule of unanimity are "(1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to § 1441(c)").

Hertz does not dispute that no timely consent was obtained from Kucinskas; rather, in its Response to the Motion to Remand, Hertz argued that it had made a good faith effort to contact

Kucinskas, "but was not able to establish contact with him as of the date of the Notice." (Doc. # 7, p. 3.) Furthermore, Hertz asserted that because the claims against Kucinskas and Hertz arose "from an interlocked series of transactions, so that there is no separate and independent claim or cause . . . the failure to name Richard Kucinskas and/or make a joint petition in [sic] his behalf is not fatal to removal of this case." (Id. at 4.) For this argument, Hertz relied upon Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277 (11th Cir. 1987).

In Belasco, the Eleventh Circuit concluded that there was no defect in the removal process despite the fact that the removal petition did not include a named defendant. See id. at 282. However, the Belasco court specifically noted that its holding was based on its conclusion that the issue in that case-- pre-emption of state claims by the Employee Retirement Income Security Act-- was particularly novel, complex, and technical. Id.

The Court does not believe, nor does Hertz even attempt to argue, that this case, which arose from a car accident, involves issues with the level of "novelty, complexity, and technicality" that warranted the exception in Belasco. As one court noted in its discussion of Belasco:

> [i]n allowing defendants to cure the defective removal, the Eleventh Circuit took into account confusion in the law both as to whether the case was removable at all and as to whether only one of the defendants was authorized under 28 U.S.C. § 1441(c) to remove the action. Citing the liberal policies allowing parties to cure defects in

> 28 U.S.C. § 1653 and Rule 15(a), Fed. R. Civ. P., Belasco held that 'given the novelty, complexity, and technicality of this question, the ends of justice and judicial efficiency are best served by treating the removal petition as if it had been amended . . .' Belasco appears to be alone in this view, however, and there are good reasons to limit its holding to its particular and unusual facts. See Schwartz v. FHP Int'l Corp., 947 F. Supp. 1354, 1364 (D. Ariz. 1996)(declining to follow Belasco); Nathe v. Pottenburg, 931 F. Supp. 822, 824 n.4 (M.D. Fla. 1995)(same). Abandoning the bright-line rule adhered to by a plethora of cases across the nation in favor of a discretionary approach would lead to uncertainty and encourage litigation about matters peripheral to the merits of lawsuits.

Berrios v. Our Lady of Mercy Med. Ctr., 1999 U.S. Dist. 1733, at *7-8 (S.D.N.Y. Feb. 18, 1999); see also Nathe, 931 F. Supp. at 824 (noting that the defendants' reliance on Belasco was "misplaced" because the decision focused "upon the 'novelty, complexity, and technicality' of the federal preemption issues raised by the removal of a complicated ERISA action. This action raises no such issues.").

Moreover, the Court is persuaded by the fact that, after deciding Belasco, the Eleventh Circuit rejected the notion that it should recognize some type of "fairness" exception to the rule of unanimity, stating that "to our knowledge, no federal court has ever recognized such an exception." Russell Corp., 264 F.3d at 1050. Rather, the appellate court reiterated the "presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Id. To the extent that the "universal[]"

requirement of unanimity of consent produces results that "some might regard as arbitrary and unfair," the Eleventh Circuit noted that "such limitations . . . are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove." Id.

Hertz, the removing party, has failed to carry its burden of demonstrating that removal was proper. Given the fact that "removal statutes are strictly construed and any doubts or ambiguities are to be resolved in favor of remand," the Court is bound to resolve any uncertainties in favor of remanding this case to the Fourth Judicial Circuit. Jones, 202 F. Supp. 2d at 1354 (citing Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998)); Williams, 359 F. Supp. 2d at 1286 ("removal statutes must be narrowly construed, and . . . uncertainties are to be resolved in favor of remand."). Because Kucinskas did not timely consent to the removal, the rule of unanimity has been violated and this case must be remanded.

Plaintiff has requested attorney fees for time spent in preparation for the instant Motion to Remand. Pursuant to 28 U.S.C. § 1447(c), the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to award fees under this section is within the Court's sole discretion. See Smith v. Health Ctr. of Lake City, Inc., 252 F. Supp. 2d 1336, 1346 (M.D. Fla. 2003)(citing

<u>Martin v. Mentor Corp.</u>, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001)). The Court declines to make such an award here.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1. Plaintiff's Motion to Remand or in the Alternative Motion for Entry of Default and for Attorney Fees (Doc. # 6) is **GRANTED** in part.

2. This case is **REMANDED** to the Fourth Judicial Circuit, in and for Duval County, Florida.

3. To the extent Plaintiff's Motion to Remand contained a Motion for Attorney's Fees pursuant to 28 U.S.C. § 1447(c), the motion is **DENIED.**

4. The Clerk is directed to terminate any pending motions and close the case.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>9th</u> day of January, 2007.

 VIRGINIA M. HERNANDEZ COVINGTON
 UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record